# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF FLORIDA ex rel. SCOTT WEINERTH, <br><br> Plaintiff, <br><br> v. <br><br> ANESTHESIA HEALTHCARE PARTNERS, INC., d/b/a HBL ANESTHESIA SERVICES <br><br> Defendant. | CASE NO. 1-08-cv-187 MP\AK <br> Filed Under Seal Pursuant to <br> 31 U.S.C. § 3730(b)(2) <br> Do Not Place in Press Box or Enter on PACER or Any Publicly Accessible System |

## FALSE CLAIMS ACT QUI TAM COMPLAINT AND DEMAND FOR JURY TRIAL

1. Scott Weinerth ("Relator") brings this action on behalf of the United States of America and the State of Florida against Defendant Anesthesia Healthcare Services, Inc. d/b/a HBL Anesthesia Services for treble damages and civil penalties for the Defendant's violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* and Florida Statute § 68.082(2).

2. As required by the False Claims Act, 31 U.S.C. § 3730(b)(2), the Relator has provided previously to the Attorney General of the United States and to the United States Attorney for the Northern District of Florida, the Attorney General of Florida, and the Chief Financial Officer of Florida, a statement of all material evidence and information related to the Complaint. This disclosure statement is supported by material evidence known to the Relator establishing the existence of Defendant's false claims. Because the disclosure statement includes attorney-client communications and work

1

product of Relator's attorneys, and is submitted to the United States and to the State of Florida in their capacity as potential co-counsel in the litigation, the Relator understands this disclosure to be confidential.

## **Jurisdiction and Venue**

3. This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.* This Court has jurisdiction over this case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b) of the False Claims Act; 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1345 (jurisdiction where United States is a plaintiff); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a) because the acts proscribed by 31 U.S.C. § 3729 *et seq.* and complained of herein took place in this District, and is also proper pursuant to 28 U.S.C. § 1391(b) and (c) because at all relevant times Defendant transacted business in this District.

## **Parties**

5. Scott Weinerth is a certified registered nurse anesthetist (CRNA) who was employed by Defendant Anesthesia Healthcare Partners as a locum tenens CRNA at Shands Endoscopy Center in Gainesville, Florida between approximately December 3, 2007 and February 29, 2008.

6. Anesthesia Healthcare Partners, Inc. provides anesthesiology services, anesthesia management and anesthesia billing to hospitals and surgery centers across the United States.

## Medicare and Medicaid Program Requirements

7. The Medicare and Medicaid programs will reimburse providers only for the level of service actually performed by the person who actually performed that service.

8. The Medicare and Medicaid programs require participating physicians to maintain true and accurate records supporting the legitimacy of claims submitted for reimbursement, which include the true level of service provided.

9. As part of its provider agreement with the Medicare and Medicaid programs, Defendant is required to certify that it will comply with the Anti-Kickback Act, 42 U.S.C. § 1320a-7b.

10. The Anti-Kickback Act prohibits offering or paying or soliciting or receiving any remuneration in return for or to induce the referral of business paid for by the Medicare and Medicaid programs.

11. Compliance with the Anti-Kickback Act is a condition of payment by the Medicare and Medicaid programs. *McNutt v. Haleyville Medical Supplies, Inc.*, 423 F.3d 1256, 1259 (11th Cir. 2005).

12. Violating the Anti-Kickback Act disqualifies a provider from receiving payment from the Medicare and Medicaid programs for claims for services obtained through illegal kickbacks. *Id.*

## FALSE CLAIMS ACT COUNTS

### COUNT ONE

**Presenting and Causing to be Presented False and Fraudulent Claims
In Violation of 31 U.S.C. § 3729(a)(1) and Florida Statute § 68.082(2)(a)**

13. Relator realleges and incorporates by reference paragraphs 1 through 12.

3

14. From at least December 2007 and continuing to the present, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. § 3729(a)(1) and Florida Statute § 68.082(2)(a) by billing as if general anesthetic had been provided while actually providing monitored anesthesia care (MAC).

15. From at least December 2007 and continuing to the present, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. § 3729(a)(1) and Florida Statute § 68.082(2)(a) by billing as if medical direction had been provided while actually providing medical supervision.

16. From at least December 2007 and continuing to the present, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. § 3729(a)(1) and Florida Statute § 68.082(2)(a) by paying remuneration to hospitals and surgery centers in return for exclusive contracts to provide anesthesiology services and thereby bill federal health care programs.

## COUNT TWO

### Making and Using False Records and Statements to Get False and Fraudulent Claims Paid In Violation of 31 U.S.C. § 3729(a)(2) and Florida Statute § 68.082(2)(b)

17. Relator realleges and incorporates by reference paragraphs 1 through 16.

18. From at least December 2007 and continuing to the present, Defendant routinely, and as a pattern and practice, knowingly made and used and caused to be made and used false records and statements to get false and fraudulent Medicare and Medicaid claims paid and approved by the Government in violation of 31 U.S.C. § 3729(a)(2) and

4

Florida Statute § 68.082(2)(b) by falsely recording that general anesthetic had been provided instead of monitored anesthesia care (MAC).

19. From at least December 2007 and continuing to the present, Defendant routinely, and as a pattern and practice, knowingly made and used and caused to be made and used false records and statements to get false and fraudulent Medicare and Medicaid claims paid and approved by the Government in violation of 31 U.S.C. § 3729(a)(2) and Florida Statute § 68.082(2)(b) by falsely recording that medical direction had been provided instead of medical supervision.

### **Prayer for Relief**

WHEREFORE, Relator respectfully requests that this Court enter judgment against Defendant and order:

(a) That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false and fraudulent claims alleged in this Complaint, as the False Claims Act, 31 U.S.C. § 3729 *et seq*. provides;

(b) That civil penalties of $11,000 be imposed for each and every false claim and fraudulent claim that Defendant presented and caused to be presented to the United States;

(c) That pre and post-judgment interest be awarded, along with reasonable attorneys' fees, costs and expenses which the Relator necessarily incurred in bringing and pressing this case;

(d) That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act violations for which redress is sought in this Complaint;

(e) That the Relator be awarded the maximum amount allowed pursuant to the False Claims Act; and

(f) That this Court award such other and further relief as it deems proper.

### **Demand for Jury Trial**

Relator, on behalf of himself and the United States, demands a jury trial on all claims alleged herein.

Dated: August 29, 2008.

Respectfully submitted,

Barry A. Cohen
bcohen@tampalawfirm.com
Florida Bar No. 096478
Christopher P. Jayson
cjayson@tampalawfirm.com
Florida Bar No. 0472344
Kevin J. Darken
kdarken@tampalawfirm.com
Florida Bar No. 0090956
COHEN, JAYSON & FOSTER, P.A.
201 East Kennedy Boulevard, Suite 1000
Tampa, Florida 33602
(813) 225-1655
Attorneys for *Qui Tam* Relator

Cohen, Jayson & Foster, P.A.
201 East Kennedy Blvd. • Suite 1000 • Tampa, FL 33602
P.O. Box 172538 • Tampa, FL 33672

Clerk of Court
United States Disctrict Court, Northern District
401 SE 1st Avenue, Room 243
Gainesville, Florida 33601

**FILE UNDER SEAL**



FedEx US Airbill Express

fedex.com 1.800.GoFedEx 1.800.463.3339

RECIPIENT: PEEL HERE

**1 From** This portion can be removed for Recipient's records.

Date _____  FedEx Tracking Number **8626 7607 7892**

Sender's Name _Kevin E Doty_  Phone 813-226-1077

Company COHEN JONES & FOSTER

Address 201 E KENNEDY BLVD STE 1000

City TAMPA  State FL  ZIP 33602-5827  Dept/Floor/Suite/Room

**2 Your Internal Billing Reference** 31ECC

**3 To**

Recipient's Name _Chris Dowst_  Phone

Company Kirkland + Northwest District

Address 101 St Fairfield Rd

City Louisville  State KY  ZIP 33601  Dept/Floor/Suite/Room

0370102296

8626 7607 7892

XH CDKA

Emp# 666682 29AUG08 TPFA

**4a Express Package Service**
- FedEx Priority Overnight
- FedEx Standard Overnight
- FedEx First Overnight

**4b Express Freight Service**
- FedEx 1Day Freight
- FedEx 2Day Freight
- FedEx 3Day Freight

**5 Packaging**
- FedEx Envelope
- FedEx Pak
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling**
- SATURDAY Delivery
- HOLD Weekday at FedEx Location
- HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- No
- Yes Shipper's Declaration not required
- Yes As per attached Shipper's Declaration
- Dry Ice
- Cargo Aircraft Only

**7 Payment** Bill to:
- Sender
- Recipient
- Third Party
- Credit Card
- Cash/Check

Total Packages  Total Weight  Declared Value

**8 Residential Delivery Signature Options**
- No Signature Required
- Direct Signature
- Indirect Signature

519

32601 FL-US JAX